IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT HOREL, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 06-5631 SBA (PR)<br><br>**ORDER DISMISSING SUPERVISORY LIABILITY CLAIM** |

　　　　On May 11, 2009, the Court issued an Order of Service. The Court found a cognizable constitutional claim involving a denial of access to the courts, based on the fact that Plaintiff alleged that Defendant PBSP Correctional Officer T. Dennis denied him access to the legal assistance program by denying his request to receive legal assistance from Inmate Vivero in December, 2004. The Court noted that Plaintiff also alleged that his efforts to pursue a legal claim were hindered: "Plaintiff has further alleged that he suffered an actual injury based on this lack of access to the courts: his state habeas petition was denied as untimely in April, 2006." (May 11, 2009 Order at 9.) The Court served the denial of access to the courts claim against Defendant Dennis, directed Plaintiff to amend his supervisory liability claim against Defendant Robert Horel, and dismissed all other claims. The Court gave Plaintiff until June 10, 2009 to file an amendment to the complaint. He was warned the failure to do so would result in dismissal of his supervisory liability claim without prejudice.

　　　　Thereafter, Plaintiff filed his amendment to the complaint. In the amendment, Plaintiff states that he is amending his supervisory liability claim to "reflect the actions of Defendants Kirkland, Horel and Jacquez." (Am. to Compl. at 1.) The Court notes that it previously dismissed Plaintiff's claim against Defendant Richard Kirkland, which was related to the grievance process:

> Plaintiff also names Defendants Perry, Grannis, Kirkland, Wheeler, Skerik, and Costella, who all took part in handling the 602 appeal relating to his claim of a denial of access to the courts. By the time these Defendants were involved in handling Plaintiff's 602 appeal, any constitutional violation -- presumably of his right of access to the courts -- was complete, so their actions did not violate that right. Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("Prisoner's right to petition the government for

>    redress . . . is not compromised by the prison's refusal to entertain his grievance.").
>    Thus, the aforementioned Defendants' failure to uphold Plaintiff's grievance, and
>    any possible misrepresentation regarding the cause of the problem, was not a
>    constitutional violation.  Plaintiff has therefore failed to state a claim against
>    Defendants Perry, Grannis, Kirkland, Wheeler, Skerik, and Costella.  Accordingly,
>    Plaintiff's claim relating to the grievance process against Defendants Perry,
>    Grannis, Kirkland, Wheeler, Skerik, and Costella is DISMISSED with prejudice.

(May 11, 2009 Order at 9.)  However, in his amendment to the complaint, Plaintiff clarifies that Defendant Kirkland was the warden of Pelican Bay State Prison (PBSP) during the 2004 time-period that the allegations in the complaint took place, and "was responsible for the administration of PBSP and for implementing institutional policies [and] procedures including law library services and for reviewing all administrative appeals filed by PBSP inmates." (Am. to Compl. at 2.)  Plaintiff claims that Defendant Kirkland "has since been replaced by Robert Horel and then Francisco Jacquez." (Id.)  It seems that Plaintiff has amended his supervisory liability claim to include allegations against all the wardens of PBSP from 2004 to the present.  Plaintiff's desire to sue all three wardens was not apparent in his original complaint; therefore, the Court only directed Plaintiff to file an amended supervisory liability claim against Defendant Horel.  In the body of his amendment to the complaint, Plaintiff only names Defendant Kirkland in the "legal claims" and "causation" sections of his amended supervisory liability claim; however, Plaintiff does not specify how he has amended his claim against Defendant Horel.  Therefore, on that basis, the Court should dismiss Plaintiff's supervisory liability claim against Defendant Horel for Plaintiff's failure to cure the deficiencies from the original complaint.  However, because of Plaintiff's pro se status, the Court will liberally construe Plaintiff's allegations against Defendant Kirkland as his amended supervisory liability claim against both former wardens, Defendants Kirkland and Horel.  The Court will not consider any of Plaintiff's allegations against the current warden, newly-named Defendant Francisco Jacquez.  Plaintiff alleges that Defendant Jacquez is "responsible for the implementation or revision of current policies in effect . . . as it pertains to the law library services and legal assistance program." (Am. to Compl. at 2.)  Plaintiff adds that he "seeks injunctive and declaratory relief (judgment) against Defendant Jacquez in his official capacity as it relates to the policies currently in effect." (Id.)  However, any new claims dealing with Plaintiff's challenges to the changes made by Defendant Jacquez to the legal assistance program -- including its "many deficiencies" -- should be raised in a

United States District Court
For the Northern District of California

new civil rights action. Therefore, such claims against Defendant Jacquez, or any similar claims against former wardens Defendants Kirkland and Horel,[1] should be raised in a new civil rights action.

The Court will now analyze Plaintiff's amended supervisory liability claim. He alleges that

> Defendant Kirkland as warden of PBSP was responsible for the operation of the prison and for the welfare of all prisoners in his custody. Plaintiff further alleges that Kirkland was responsible for the supervision, direction, and/or [for] properly train[ing] subordinate personel [sic] as well as being responsible for enforcing, implementing and supervising enforcement of laws and prison policies, including those pertaining to legal assistance and law library related services.

(Id. at 4.) Plaintiff thus claims that

> Defendant Kirkland breached his supervisory duty to legally administer PBSP, and to train, supervise subordinates where Plaintiffs [sic] rights were violated as a result of the enforcement of the policies, procedures and regulations described herein, to the extent [that] supervisory defendants had actual and constructive knowledge of the violations and did nothing to prevent or correct them.

(Id. at 5.)

Plaintiff claims that because Defendants Kirkland and Horel held the position of warden of PBSP, they should be liable for his alleged lack of access to the legal assistance program at PBSP. Plaintiff does not provide any facts to support his allegation that Defendant Horel knew of Plaintiff's alleged lack of access to the legal assistance program at PBSP. As to Defendant Kirkland's knowledge of the constitutional violation, Plaintiff alleges that he filed a 602 appeal regarding his "court access rights were being violated by the prison's law library staff's refusing to provide the requested legal/translating assistance from Inmate Vivero so as to adequately prepare his habeas

---

[1] Plaintiff claims that in 2004, Defendant Kirkland "implemented a policy that was supposed to allow prisoners to assist one another in the preparation of their legal documents . . . called the "Law Library Legal Assistance Program." (Am. to Compl. at 2-3.) Because Plaintiff claims the policy had "many deficiencies," he alleges that Defendant Kirkland "is directly responsible for the violations of Plaintiff's constitutional rights . . . by implementing and enforcing a policy that was so vague, . . . ambiguous, overbroad, and deficient in state and federal standards that it prevented Plaintiff from obtaining the necessary legal/translating assistance so he could adequately access the courts . . . . " (Id. at 4-5.) Again, the Court notes that Plaintiff's allegations in his original complaint dealt with his lack of access to the legal assistance program after Defendant Dennis denied his request to receive legal assistance from Inmate Vivero. Plaintiff now seems to be challenging the program itself due to its "many deficiencies;" however, such allegations are not related to his original denial of access to the courts claim. Therefore, such claims need to be raised in a new civil rights action.

petition," and that Defendant Kirkland "denied Plaintiffs [sic] appeal . . . and upheld the actions of Defendant Dennis (his subordinate) noting that the law library runs an adequate program." (Am. to Compl. at 4.) First, the Court stresses that Defendant Kirkland received Plaintiff's grievance after the constitutional violation of denial of access to the courts was complete. Second, as mentioned above, all claims relating to the grievance process -- including the grievance handled by Defendant Kirkland -- were previously dismissed. Plaintiff further claims that "Defendant Kirkland breached his supervisory duties to legally administer the prison and to train and supervise subordinates where Plaintiff's rights were violated as a result of the enforcement of these vague regulations, policies and procedures." (Id. at 5.) Therefore, the Court construes Plaintiff's allegations to be that his right to access to the courts was violated because he was denied "legal assistance from Inmate Vivero" by Defendant Dennis, whom Plaintiff claims was not properly supervised by Defendants Kirkland and Horel. This is a respondeat superior claim, that is, Plaintiff seeks to hold Defendants Kirkland and Horel liable because they were the supervisors of the person he contends violated his rights. This is, however, not a proper basis for § 1983 liability. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, nothing in the amendment to the complaint is sufficient to overcome the deficiency of his claim against Defendants Kirkland and Horel which gave rise to the dismissal with leave to amend.

   Accordingly, IT IS HEREBY ORDERED that the supervisory liability claim against Defendants Horel and Kirkland is dismissed without further leave to amend. As mentioned above, any claim against newly-named Defendant Jacquez relating to the "many deficiencies" of the Legal Assistance Program, as well as any similar claims against Defendants Kirkland and Horel, should be raised in a new civil rights action.

   IT IS SO ORDERED.

DATED: 7/27/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge